UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

FILED
John E. Triplett, Acting Clerk
United States District Court

*By casbell at 3:32 pm, Oct 06, 2020*

UNITED STATES OF AMERICA

v.

LEAVON MAURICE SHUMAN

Case No. 4:16cr006-1

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

☒ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

In order to exhaust his administrative remedies, Shuman must continue to participate in the administrative process until it is complete; here, that means at least filing an appeal with the Regional Director and waiting the requisite time for a response.  See Dkt. No. 33 at 3.  Shuman has shown only that he has completed the first level of administrative review, i.e. petitioning the Warden of his facility.  See United States v. Khan, 540 F. Supp. 2d 344, 351 (E.D.N.Y. 2007) ("If the inmate feels the decision was unfairly meted out, his or her recourse is to appeal that decision to the next administrative level, and, if still dissatisfied with the result at the end of the administrative appeals process, he or she may, at that time, pursue the complaint in federal court. It would defeat the purpose of administrative review were this court to permit every inmate who

was dissatisfied with a denial of relief mid-way through the administrative appeals process to seek judicial review on the ground of futility."). The Court finds that Shuman has not fully exhausted his administrative remedies.

IT IS SO ORDERED.

Dated: October 6, 2020

_____
UNITED STATES DISTRICT JUDGE